UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DONALD ALLEN GOSNEY,                )
                                    )    2:  12-cv-01893-PK
            Petitioner,             )
                                    )
       v.                           )
                                    )    FINDINGS AND RECOMMENDATION
DON MILLS,                          )
                                    )
            Respondent.             )


    Anthony D. Bornstein
    Federal Public Defender's Office
    101 SW Main Street, Suite 1700
    Portland, Oregon  97204

        Attorney for Petitioner

    Ellen F. Rosenblum
    Attorney General
    Andrew Hallman
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97301

        Attorneys for Respondent


    1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Donald Allen Gosney brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his convictions and sentence for sexual abuse, unlawful sexual penetration, strangulation and assault. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus [24] should be denied, and Judgment should be entered dismissing this action with prejudice.

## **FACTUAL BACKGROUND**

Briefly, beginning in May 2007 and continuing over the course of eleven total weekends (excluding two weekends in July), Gosney and the victim in this case, his then live-in girlfriend, ingested methamphetamine together. Gosney became paranoid with the methamphetamine use and subjected the victim to, among other things, unwanted and escalating "prison searches". These searches included him searching the inside of her vagina and rectum with his fingers looking for hidden cameras and microphones. Gosney also barricaded the victim in their bedroom during these episodes which could last several hours at a time. In addition, in or around August 21, 2007, the last weekend in question, Gosney assaulted the victim and strangled her to the point of causing her to lose consciousness.

///

///

2 - FINDINGS AND RECOMMENDATION

## PROCEDURAL BACKGROUND

On August 28, 2007, the Washington County Grand Jury returned an indictment charging Gosney with twenty two (22) counts of Sexual Abuse in the First Degree, twenty two (22) counts of Unlawful Sexual Penetration in the First Degree, one count of Strangulation, and one count of Assault in the Fourth Degree. Respondent's Exhibit 102. Following a jury trial, Gosney was convicted on all counts and the sentencing court imposed a 1,100-month sentence. Respondent's Exhibit 101.

Gosney directly appealed his conviction and sentence, but the Oregon Court of Appeals summarily affirmed. Gosney did not seek review from the Oregon Supreme Court. Respondent's Exhibits 103-105B.

Gosney next filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief on his PCR Petition. *Gosney v. Mills*, Umatilla County Circuit Court Case No. CV090568. On appeal, the Oregon Court of Appeals affirmed without written opinion, and the Oregon Supreme Court denied review. *Gosney v. Mills*, 249 Or. App. 179, 276 P.3d 1126 (2012), *rev. denied* 352 Or. 265, 286 P.3d 1230 (2012); Respondent's Exhibits 123-127.

On October 19, 2012, Gosney filed this action. His sole claim for relief as set forth in his Amended Petition [24] is as follows:

Ground 1.      Mr. Gosney was denied effective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights because his attorney failed to object to, and seek a

curative remedy for, several instances of prejudicial prosecutorial misconduct in closing argument.

The specific improper arguments are discussed at length in Mr. Gosney's brief filed in support of this Amended Petition. The improper arguments appear in the transcript of the trial at pages 371, 387-88 and 395-96.

Respondent asks the Court to deny relief on the Amended Petition because: (1) Gosney's claim is procedurally defaulted and he cannot demonstrate cause and prejudice to excuse such default; (2) the underlying ineffective assistance of counsel claim is without merit; and (3) Gosney is not entitled to an evidentiary hearing on the issue of cause and prejudice.

## DISCUSSION

Gosney concedes that his claim is procedurally defaulted, but insists the Court should excuse any default pursuant to the cause and prejudice exception outlined in *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). Gosney's invocation of *Martinez* notwithstanding, in this instance, because it is easier to address the merits of his claim rather than the procedural issues, the Court elects to bypass the procedural default issue. *See Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997)(federal habeas court may bypass question of procedural default to deny claim on merits); 28 U.S.C. § 2254(b)(2)("An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of

4 - FINDINGS AND RECOMMENDATION

the applicant to exhaust the remedies available in the courts of the State.").[1]

## MERITS

### I.  Standards

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was:  (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that]

_____

[1]  Because the Court elects to bypass the procedural default issue and deny Gosney's claim on the merits on *de novo* review, his request for an evidentiary hearing to demonstrate cause and prejudice under *Martinez* is denied.

precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id.* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id.* at 409.

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id.* at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id.* at 696.

6 - FINDINGS AND RECOMMENDATION

Here, because the state courts did not reach the merits of Gosney's ineffective assistance of counsel claim, the Court must conduct a *de novo* review of the claim to determine if a constitutional violation occurred. *See Cone v. Bell*, 556 U.S. 449, 472, 129 S.Ct. 1769, 173 L.Ed.2d 701 (2009)("Because the [state] courts did not reach the merits of [Petitioner's] claim, federal habeas review is not subject to the deferential standard that applies under [28 U.S.C. § 2254(d)] ... Instead, the claim is reviewed *de novo*.").

## II. **Analysis**

Petitioner contends that his trial counsel rendered constitutionally ineffective assistance when he failed to object to and/or seek a curative instruction based on a number of improper arguments made by the prosecutor in initial and rebuttal closing arguments.

The alleged improper arguments included the following: (1) in the initial closing argument, the prosecutor made an "all or nothing" argument stating "when you get past the 46 counts, it's a very simple procedure because either you believe the victim or you don't"; (2) by asking the jury "How many honest rapists [kidnappers, thieves, burglars, sex abusers] do you know?" the prosecutor implied that Gosney's prior convictions were conclusive evidence that he was lying, improperly testified as a character expert regarding people who commit these kinds of crimes,

diminished Gosney's presumption of innocence, and made a direct propensity argument rather than one of credibility; (3) by stating that the victim was "subjected to cross examination where it was kind of like she was being sexually assaulted all over again" the prosecutor violated Gosney's constitutional right to confront his accuser[2]; (4) improperly vouched for the victim's credibility by implying that the fact she testified at trial is evidence that her testimony was truthful; (5) improperly vouched for the victim when he said "I don't get to pick my victim, by the way. The defendant does" -- thereby aligning the victim with the prosecutor's office; and (6) improperly stated that "In Oregon, only 10 people out of 12 have to agree on a verdict, but I'm asking that this defendant hear from all 12 of you. Let him know that what he did was unacceptable. Tell him today. Thank you.".

Counsel are given latitude "in the presentation of closing arguments," and courts must allow prosecutors "to strike hard blows based on the evidence presented and all reasonable inferences therefrom." *Ceja v. Stewart*, 97 F.3d 1246, 1253-54 (9th Cir. 1996)(*quoting United States v. Baker*, 10 F.3d 1374, 1415 (9th Cir. 1999)). A reviewing court should consider challenged remarks in light of the realistic nature of closing arguments at trial. "Because 'improvisation frequently results in syntax left imperfect

---

[2]  Gosney's attorney did object to this comment and the Judge sustained the objection. Nevertheless, Gosney faults counsel for failing to seek a curative instruction.

and meaning less than crystal clear,' 'a court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through a lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations.'" *Williams v. Borg*, 139 F.3d 737, 744 (9th Cir. 1998)(*quoting Donnelly v. DeChristoforo*, 416 U.S. 637, 647, 94 S.Ct. 1868, 40 L.Ed.2d 431 1974)).

A trial attorney's failure to object to a prosecutor's closing argument, unless the argument grossly mischaracterizes the record, does not constitute ineffective assistance of counsel. *Cunningham v. Wong*, 704 F.3d 1143, 1159 (9th Cir. 2013). Moreover, "[b]ecause many lawyers refrain from objecting during opening statement and closing argument, absent egregious misstatements, the failure to object during closing argument and opening statement is within the 'wide range' of permissible professional conduct." *United States v. Necoechea*, 986 F.2d 1273, 1281 (9th Cir. 1993). Finally, counsel may make a tactical decision not to object during closing argument to avoid highlighting unfavorable facts. *See Werts v. Vaughn*, 228 F.3d 178, 204-05 (3rd Cir. 2000)(finding counsel did not render ineffective assistance when decision not to object was counsel's tactic not to "highlight" or "draw attention" to certain issues); *Barnes v. Gonzales*, 2012 WL 3930351, at *13 (C.D. Cal. Sept. 10, 2012)(finding no ineffective assistance of counsel when

attorney chose not to object to avoid highlighting an incriminating
fact).

> **A.    Ineffective Assistance of Counsel for Failing to Object
> to the Prosecutor's "When You Get Past the 46 Counts,
> It's a Very Simple Procedure Because Either You Believe
> the Victim Or You Don't" and "All or Nothing" Arguments
> in His Initial Closing**

In closing, the prosecutor argued to the jury that given
Gosney's concessions that he was with the victim in their bedroom
and that he had engaged in sexual acts with her on the relevant
dates, the only issues remaining for its consideration were:
whether Gosney subjected the victim to forcible compulsion; whether
he *penetrated* her anus and vagina with his fingers; and whether on
the last weekend he assaulted and strangled her.  The prosecutor
advised the jury that the charges were grouped in sets of four for
each of the eleven weekends at issue:  one count of sexual abuse
for touching the vagina, one count of sexual abuse for touching the
anus, one count of unlawful sexual penetration of the vagina and
one count of unlawful sexual penetration of the anus.  Plus there
were the additional counts of assault and strangulation pertaining
to the last weekend.

At core, this case came down to a credibility contest:
whether the jury believed the victim's account that Gosney
subjected her to a pattern of invasive and unwanted "prison
searches" over the course of the eleven weeks, as well as the
assault and strangulation on the last weekend; or whether the jury

10 - FINDINGS AND RECOMMENDATION

believed Gosney when he testified that any sexual contact between them was consensual and any physical injuries to the victim were caused by their mutual scuffling--as when he had to restrain her to get his phone.  Gosney's arguments notwithstanding, in the context of this record where the victim alleged a pattern of abuse, it cannot be said that the prosecutor's comments "so infected the trial with unfairness as to make [Gosney's] resulting conviction a denial of due process."  *Donnelly*, 416 U.S. at 643.  Rather, the prosecutor fairly made the point that the case turned on the victim and Gosney's credibility.  As he said, "[t]his is either your [sic] believe the victim and this happened or you believe the defendant and it did not happen."  Accordingly, given the strong presumption that counsel's decision not to object during closing argument fell within the wide range of permissible professional conduct, Gosney has not shown counsel rendered constitutionally deficient performance.

**B.** **Ineffective Assistance of Counsel for Failing to Object to the Prosecutor's Questions Related to Gosney's Prior Convictions:  "How Many Honest Rapists [Kidnappers, Thieves, Burglars, Sex Abusers] Do You Know?"**

According to Gosney, Counsel should have objected to the prosecutor's questions on the basis:  (1) they implied Gosney's prior convictions were conclusive evidence he was lying when he testified; (2) the prosecutor put himself out as an expert on the character of people who commit these crimes; (3) they diminished Gosney's presumption of innocence by categorically stating that

people who commit these crimes do not testify truthfully; and
(4) they improperly linked Gosney with all rapists, kidnappers,
thieves, burglars and sex abusers -- thus turning a credibility
argument into an impermissible direct propensity one.

In response, the State maintains that the prosecutor properly
used Gosney's prior convictions to call his credibility into
question and that the trial court had advised Gosney that by
testifying his prior convictions would be used in this manner.  In
addition, the State argues that counsel may have reasonably
calculated that objecting to the prosecutor's comments would have
merely called further attention to Gosney's prior convictions.

Gosney's arguments that the prosecutor's questions invited the
jury to use his prior convictions for an improper purpose
notwithstanding, the Court's review of the record reveals that both
defense counsel and the trial court specifically instructed the
jury that Gosney's prior crimes were relevant only for the purpose
of evaluating Gosney's credibility:

Counsel:  Now I need to address this.  I know Mr. Gosney has a
          prior record and I know you are probably not impressed by
          that, but again, one of the reasons you are on this jury
          is you took an oath to follow the law, and Judge Knapp is
          going to tell you that you can only use this information
          in a very limited manner.

          What you can do is you can use this prior record to
          decide if you find Mr. Gosney to be credible,
          whether you found his testimony to be truthful.
          But what you specifically can't do, and the judge
          is going to tell you this, is you can't use the
          prior record to decide whether Mr. Gosney committed
          this crime or not.  You cannot use it to say well,
          something in his past happened so it's probabl[y]

12 - FINDINGS AND RECOMMENDATION

more likely that this happened.  You took an oath
to follow the law and the judge is going to tell
you that's exactly what the law requires you to do.

\* \* \*

Court:    If you find that the defendant has previously [been]
          convicted of a crime, you may consider this conviction
          only for its bearing, if any, on the believability of the
          defendant's testimony.  Specifically, you may not use
          this evidence for the purpose of drawing an inference
          that because the defendant was convicted of a previous
          crime, the defendant may be guilty of the crime charged
          in this case.

Transcript of Proceedings, Volume I, pp. 382-83 & 400.

The jury is assumed to follow the court's instructions.  *See*

*Fields v. Brown*, 503 F.3d 755, 782 (9th Cir. 2007).  Therefore,

taken in context, it cannot be said that the prosecutor's argument

"so infected the trial with unfairness as to make [Gosney's]

resulting conviction a denial of due process." *Donnelly*, 416 U.S.

at 643.  Accordingly, given the strong presumption that counsel

acted with permissible professionalism in determining whether to

object during closing arguments, Gosney has not shown counsel

rendered constitutionally deficient performance in failing to

object to these comments.

C.    **Ineffective Assistance of Counsel for Failing to Seek a
      Curative Instruction in the Wake of the Trial Court
      Sustaining Counsel's Objection to the Prosecutor's
      Comment that the Victim was "Subjected to Cross
      Examination Where it was Kind of Like She was Being
      Sexually Assaulted All Over Again".**

Gosney  argues  the  prosecutor's  comment  violated  his

constitutional right to confront his accuser by suggesting that in

13 - FINDINGS AND RECOMMENDATION

exercising his right to a trial, he, through counsel, inflicted psychological if not physical harm on the victim.  He argues that his case is indistinguishable from *Burns v. Gammon*, 260 F.3d 892, 896 (8th Cir. 2001) wherein "[t]he prosecutor asked the jury, while considering guilt and sentencing, to consider the fact that Burns, by exercising his constitutional right to a jury trial and to confront witnesses, forced the victim to attend trial, take the stand and relive the attack."  In addition, Gosney argues that even after the court sustained counsel's objection, the prosecutor continued to refer to the offending comment.

The State counters that the circumstances here differ critically from *Burns* in that the prosecutor there asked the jury to consider the fact that the victim had to testify in assessing the defendant's guilt or innocence, whereas here the prosecutor raised it to argue that the victim had no motive to lie.  In addition, unlike the facts in *Burns* where no objection was made, counsel's objection here was sustained and the trial court instructed the jury about objections and advised them that the lawyers opening statements and closing arguments are not evidence in the case.  Finally, the State argues that a curative instruction would have further highlighted the comment and that a mistrial was not warranted because Gosney's ability to receive a fair trial had not been impaired.

///

14 - FINDINGS AND RECOMMENDATION

The State's arguments are well taken.   The facts here are obviously distinguishable from *Burns* in that counsel objected to the prosecutor's comment and the trial court sustained the objection.   Moreover, the trial court twice instructed the jury on objections and the fact that opening statements and closing arguments are not evidence in the case.   Transcript of Proceedings, Volume I, pp. 23-24 & 396-97.   As previously noted, the jury is assumed to follow the court's instructions.   Finally, the Court finds that given the inflammatory nature of the prosecutor's comment, it would have been clear to the jury when the court sustained counsel's objection that it was to disregard the comment. Accordingly, Gosney cannot show that counsel, in failing to further seek a curative instruction related to the comment, rendered constitutionally deficient representation.

      D.    **Ineffective Assistance of Counsel for Failing to Object to the Prosecutor's Improper Vouching for the Victim's Credibility by Hinting that Just By Testifying She was Telling the Truth**

Gosney suggests that the prosecutor improperly vouched for the victim's credibility when he hinted that by subjecting herself to the rigors of testifying at trial, she must be telling the truth. Read in context, it is evident that the prosecutor was trying to convince the jury that, given the unpleasantness of testifying in a trial like Gosney's and recounting the disturbing details of the sexual and physical abuse she endured, the victim would have no motive to lie.

15 - FINDINGS AND RECOMMENDATION

A prosecutor vouches for the credibility of a witness when he or she implies that the government can guarantee the witness's veracity by placing the prestige of the government behind the witness, or by suggesting that information not presented to the jury supports the witness's testimony. *United States v. Parker*, 241 F.3d 1114, 1119-20 (9th Cir. 2001). Here, the prosecutor never personally assured the jury of the victim's honesty, nor did he make reference to information not presented to the jury. Taken in context, the Court does not view the prosecutor's comments as improper vouching and it cannot be said that they "so infected the trial with unfairness as to make [Gosney's] resulting conviction a denial of due process." *Donnelly*, 416 U.S. at 643. Accordingly, given the deference due counsel in determining whether to object during closing arguments, Gosney has not shown counsel rendered constitutionally deficient performance in failing to object to these comments.

**E.  <u>Ineffective Assistance of Counsel for Failing to Object to the Prosecutor's Improper Vouching for the Victim When He Referred to Her as "My Victim"</u>**

According to Gosney, the prosecutor improperly aligned the victim with the prosecutor's office when he stated: "I don't get to pick my victim, by the way. The defendant does." The prosecutor made this statement in the context of his argument that as a predator, Gosney purposefully sought out a victim with "some issues" because he sensed she would put up with his abuse.

The argument was also in rebuttal to defense counsel's closing argument wherein he eluded to the victim's history of drug use, her sexual habits and inconsistencies in her testimony.  Taken in this context, the Court does not view the prosecutor's comments as improper vouching and it cannot be said that they "so infected the trial with unfairness as to make [Gosney's] resulting conviction a denial of due process." *Donnelly*, 416 U.S. at 643.  Accordingly, given the deference due counsel in determining whether to object during closing arguments, Gosney has not shown counsel rendered constitutionally deficient performance in failing to object to these comments.

> **F.** **Ineffective Assistance of Counsel for Failing to Object when the Prosecutor Improperly Stated that "In Oregon, only 10 people out of 12 have to agree on a verdict, but I'm asking that this defendant hear from all 12 of you. Let him know that what he did was unacceptable.  Tell him today.  Thank you."**

Gosney argues that the prosecutor's statement was legally inaccurate because jurors do not have to agree on a verdict at all and, whatever their votes, all twelve jurors would be heard from. In addition, Gosney asserts that the prosecutor tried to subtly pressure the jury to return a guilty verdict by suggesting that even a ten-person guilty verdict would be insufficient.

First, while perhaps not perfectly worded, the Court concludes that the prosecutor did not misstate the law.  Moreover, to the extent there was any ambiguity in the wake of the prosecutor's comments, the trial court properly instructed the jury on the law

regarding how many not guilty or guilty votes would constitute a valid verdict. See Transcript of Proceedings, Volume I, p. 399; *Brown v. Payton*, 544 U.S. 133, 146-47 (2005)(prosecutor's misstatement about law in closing argument did not merit habeas relief where jury received correct instruction on the issue even without being expressly informed that the prosecutor's statement was incorrect).

With regard to Gosney's argument that the prosecutor pressured the jury to return a guilty verdict, the Court notes:

> In a criminal trial, the government cannot pressure the jury to convict the defendant. *United States v. Young*, 470 U.S. 1, 6-10 (1985). As we have recognized, "[a] prosecutor may not urge jurors to convict a criminal defendant in order to protect community values, preserve civil order, or deter future law breaking." *United States v. Weatherspoon*, 410 F.3d 1142, 1149 (9th Cir. 2005)(citations omitted).

*Trillo v. Biter*, 2014 WL 2695531, at *4 (9th Cir. June 16, 2014). The Court concludes that in asking all twelve jurors to return a guilty verdict and to send a message to Gosney that what he did to the victim in this case was unacceptable, the prosecutor did not improperly pressure the jury to convict Gosney. Accordingly, given the deference due counsel in determining whether to object during closing arguments, Gosney has not shown counsel rendered constitutionally deficient performance in failing to object to these comments.

Because the Court concludes above that counsel did not render deficient performance it need not address *Strickland's*

18 - FINDINGS AND RECOMMENDATION

prejudice prong.   Nevertheless, given the evidence introduced at trial including:  medical evidence and photographs documenting the victim's significant injuries; witness testimony, including that of Gosney's sister, confirming the injuries and corroborating other aspects of the victim's account; and Gosney's prior rape, kidnapping, theft, burglary and sex abuse convictions, the Court would determine that any failure on counsel's part to object the prosecutor's aforementioned comments in closing arguments did not "undermine confidence in the outcome of the trial," so no habeas relief is warranted for ineffective assistance of counsel.  *Cheney v. Washington*, 614 F.3d 987, 997 (9th Cir. 2010)(citations omitted).

## RECOMMENDATION

Based on the foregoing, the Amended Petition for Writ of Habeas Corpus [24] should be DENIED, and judgment should enter DISMISSING this case with prejudice.

In addition, the district judge should certify that Gosney has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).   This case is not appropriate for appellate review.

## SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge.  Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation.  If no objections

are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

### NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 23rd day of June, 2014.

Paul Papak
United States Magistrate Judge